In re CALIFORNIA PACIFIC RICE MILLING, LTD., Debtor.

**Bankruptcy No. 01–25416–A–11.
Adversary No. 01–2240.**

United States Bankruptcy Court,
E.D. California,
Sacramento Division.

July 23, 2001.

Robert S. Bardwil, Robert S. Bardwil, A Professional Corporation, Sacramento, California, for debtor and respondent California Pacific Rice Milling, Ltd.

Ken Whittall–Scherfee, Whittall–Scherfee Law Office, Sacramento, California, for creditor and movant Boeger Land Company.

## MEMORANDUM

MICHAEL S. McMANUS, Chief Judge.

This matter comes before the court on a motion by creditor Boeger Land Company ("the movant") for a preliminary injunction prohibiting the debtor, California Pacific Rice Milling, Ltd., ("the respondent") from disposing of, or relinquishing control of, any of its rice inventory regardless of variety or crop year. The movant argues that it holds a producer's lien on all of the rice inventory in the possession of the respondent.

The dispute is resolved by determining the extent of the producer's lien granted to farmers by California Food & Agriculture Code §§ 55631 and 55634. The court concludes that a producer's lien extends only to the crop transferred to the processor or, if the crop is commingled with the crops of other producers, to the commingled crop inventory.

## I

The respondent processes rough rice that it purchases from Northern California farmers and then sells it on domestic and international markets. It is a "processor" within the meaning of California Food & Agricultural Code § 55407. In 1999, the movant grew five varieties of rice, including "M401" and "Calrose," which it sold to the respondent. The movant is a "producer" of rice within the meaning of the California Food & Agricultural Code § 55408.

As is customary in the rice-milling industry, the respondent segregates its rice inventory by year of production and by variety within each year. For example, all 1999 M401 rice is separated from all 1999 sweet rice, and all 1999 M401 rice is separated from all 2000 M401 rice.

While the respondent does not commingle different varieties or crop years, it does commingle rice of the same variety and crop year without regard to the identity of the producer. For example, the 1999 M401 rice that the respondent purchased from the movant was commingled with 1999 M401 rice purchased from other producers, but not with any other rice of a different variety or different crop year. Like the rest of the processors in the industry, the respondent segregated the five varieties of rice from all other varieties in its inventory.

On January 22, 2001, the movant filed an action in California Superior Court for the County of Colusa to foreclose its producer's lien. On May 3, 2001, the respondent filed a chapter 11 bankruptcy petition. The movant removed the Superior Court action to this court.

The movant asserts that on the date of the petition the respondent owed it $186,573.11, all arising from the sale of 1999 rice to the respondent. Other farmers with claims of approximately $381,078.00 also assert producers' liens against the 1999 crop. Thus the producer's liens that attach to the 1999 crop exceed $570,000.00. On the date of petition, the respondent held the following inventory of 1999 crop rice:

| | |
|---|---|
| M401 | 105,513 cwt[1] |
| Sweet Rice | 36,494 cwt |
| Long Grain Rice | 21,198 cwt |
| Calrose | 256 cwt |

Both parties appear to agree that the only rice sold to the respondent by the movant that now remains in the hands of the respondent is the M401 variety.

## II

■ Generally, a court may issue a preliminary injunction if it determines that each of the following four factors is present: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will likely prevail on the merits; (3) the balance of the potential harm favors the moving party; and, depending on the nature of the case, (4) the public interest favors granting relief. *International Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir.1993) (citing *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.1987)). *See also Zepeda et al. v. United States Immigration and Naturalization Service*, 753 F.2d 719, 727 (9th Cir.1983).

■ The Ninth Circuit has also adopted an alternative standard under which the moving party may meet its burden by demonstrating *either:* (1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits and a balance of hardships that tips sharply in its favor. *Cassim v. Bowen*, 824 F.2d at 795. *See also Zepeda et al. v. United States Immigration and Naturalization Service*, 753 F.2d at 727 (9th Cir.1985); *Sega Enterprises, Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1517 (9th Cir.1993).

Therefore, the moving party must demonstrate, among other things, that it will "likely prevail on the merits," or that it

will "probably prevail on the merits," or that "there exist serious questions going to the merits." The last of these three standards is the easiest to satisfy. The movant, however, cannot satisfy any these standards. It is unlikely to prevail and there are no serious questions going to the merits.

The movant argues that a producer's lien provided by section 55631 of the California Food & Agriculture Code extends to a processor's entire inventory. The respondent asserts that the producer's lien is limited to the specific variety and crop year of rice that the movant sold to it for processing.

The issue is resolved by considering the interplay between section 55631 and section 55634 of the California Food & Agriculture Code. Section 55631 protects the financial interests of farmers who sell farm products to processors by granting them a producer's lien. That section provides:

> Every producer of any farm product that sells any product **which is grown by him** to any processor under contract ... has a lien upon **such product** and upon all processed or manufactured forms of such farm product for his labor, care and expense in growing and harvesting such product.

Cal. Food & Agric.Code § 55631 [emphasis added].

The statutory lien for farmers created in section 55631 is extended by section 55634:

> Every lien which is provided for in this article is on every farm product and any processed form of the farm product which is in the possession of the processor **without segregation** of the product.

Cal. Food & Agric.Code § 55634 [emphasis added].

---

1. "Cwt" means a hundredweight of pounds.

So 105,513 cwt equals 10,551,300 pounds.

■ Section 55631 provides for a lien on the crop that is produced by the farmer and is sold to the processor. This is clear from the fact that the phrase "has a lien upon such product" is modified by the previous phrase "any product which is grown by him." It does not extend to all products produced by other producers.

Section 55631 is, however, modified by section 55634 which provides that the lien extends beyond that product which is produced by the farmer to product in the possession of the processor which is produced by other farmers "without segregation." That which is not segregated is commingled. The phrase "without segregation" is properly interpreted to mean "with commingling" or "that is commingled."

■ Section 55634 may be paraphrased to read: Every farmer has a lien on any farm product in the possession of a processor that is commingled with product that the farmer has sold to the processor.

Contrary to the movant's assertion, section 55634 does not stand for the proposition that a producer's lien attaches to all farm product in the processor's possession.[2] When section 55634 is read correctly as modifying section 55631 to extend the lien to commingled product, it becomes apparent that the purpose of section 55634 is to ensure that the producer's lien will continue to have vitality even though the processor commingles the crops of different farmers. So, if the respondent commingled the movant's 1999 M401 rice with product sold to it by other farmers, the commingling would not limit or extinguish the movant's lien. This is only true to the extent that the product is commingled.

If section 55634 were construed to allow a producer's lien to attach to all farm product in the possession of the processor, it would reduce the limiting language of section 55631 providing for a lien on the product grown by the farmer to meaningless surplusage. Why include this language in section 55631 if in every instance section 55634 operated to extend the scope of the producer's lien to all farm product, even segregated product, in the possession of the processor?

For example, if the respondent also processed corn and bought corn from farmers, would the movant have a lien against the respondent's separate corn inventory as well as the rice inventory? Allowing the movant to enforce a lien against the corn would circumvent the clear language of section 55631 which provides for a lien only for farm products grown by the farmer. Only to the extent those farm products are commingled does section 55634 extend the lien to the commingled products.

If a farmer's crop is kept segregated by a processor from the crops of other farmers, section 55631 gives the farmer a lien

2. The movant argues that *U.S. Bank v. Deseret Farms of California, Inc. (In re Sargent Walnut Ranches, Inc.)*, 219 B.R. 880, 881 (Bankr. E.D.Cal.1998), stands for the contrary position. Having authored that decision, this court is thoroughly familiar with it. *Sargent* does not contradict the court's conclusion in this case. Noting that the viability of a producer's lien did not depend on segregation of each farmer's crop, this court held in *Sargent* that the producer's "lien attaches not only to the farm products sold by the farmer to the processor, but to all *like* farm products in the possession of the processor." *Sargent*, 219 B.R. at 882 (emphasis added). The court did not hold that a producer's lien extended to separately stored crops delivered by other growers. In *Sargent*, the processor commingled all of the walnuts delivered by growers. There was no segregation of walnuts by year grown or variety. Indeed, the processor had no walnuts in inventory because it had sold them without paying the growers. The issue then became whether the producer's lien encumbered the accounts receivable generated by the sale of the walnuts. The facts and the issues in *Sargent* were very different than those presented in this case.

only on his crop. If that crop is commingled with crops delivered by a second farmer, the two farmers have a lien on their commingled crops by virtue of section 55634. If a third farmer delivers a crop to the same processor but it is kept separate, the first two farmers do not have a lien on the third farmer's crop. To hold otherwise would mean that the crop of the third farmer is encumbered by the liens of the first two farmers even though the third farmer can claim a lien only on his own crop.

The argument that the segregation of rice according to the year in which it was grown artificially or unfairly limits the crop encumbered by a farmer's producer's lien is without merit. The custom and practice is to segregate rice by year grown because rice is perishable and because rice crops tend to vary in quality from year to year.

### III

■ The movant has a producer's lien on all 1999 M401 rice in the respondent's possession. The lien is limited to that specific variety and crop year combination because the respondent has not commingled other varieties or crop years with the 1999 M401 rice. The California Food & Agricultural Code does not provide for the extension of that lien to any other rice in the possession of the respondent.

The respondent has agreed to voluntarily set aside the entire 1999 rice crop, not just the 1999 M401 rice crop, pending resolution of the claims of the movant and other farmers arising from the sale of such rice to the respondent. This sufficient to safeguard the movant's lien. The movant's motion will be denied.

An appropriate order has been issued.